UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIENVENIDO THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANTONIO MARTINEZ, RALPH DEL CAPUA, *Employee of the Health Department of Belleville*, MARY ANDREWS, *Belleville Court Administrator*, and JOHN CERZA *Prosecutor of the Belleville Court*,<br><br>　　　　　Defendants. | Civil No. 10-5990 (WJM)<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court upon an application for pro bono counsel by *pro se* Plaintiff Bienvenido Thompson pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth, Plaintiff's Complaint is **DISMISSED** without prejudice and Plaintiff's application for pro bono counsel is **DENIED** as moot.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

This matter stems from Plaintiff's problems with his landlord, Defendant Antonio Martinez, who appears to have filed a state court action to evict Plaintiff for nonpayment of rent on November 20, 2009.

Plaintiff's Complaint is at times unintelligible. However, when loosely construing his pleading, it appears that Plaintiff alleges the following: On November 30, 2009, Plaintiff filed a complaint against Martinez in Belleville Municipal Court, in which he

1

accused Martinez of robbery, harassment and withholding information. And on July 16, 2010, he filed a similar complaint against Martinez in New Jersey Superior Court.[1]

Then, on November 16, 2010, Plaintiff filed the present action, and again named Martinez as a Defendant.[2] Plaintiff additionally lists Belleville employees Ralph del Capua, Mary Andrews, and John Cerza as Defendants in the caption of the district court pleading. However, Plaintiff has not provided any factual information in the Complaint or attached documents about del Capua, Andrews, or Cerza.

Plaintiff is presently seeking redress for: "violation of human rights, Civil rights, abuse authority, discrimination, corruption and conspiracy, attempt of robbery, identity robbery, attempt of illegal eviction, perjury, disrespect and traffic of influences, violation of Municipal ordinances, and more things during the 38 years that Mr. Antonio Martinez is living in the Essex County." (Pl.'s Compl. 1, ECF No. 1.)

The sum of Plaintiff's factual allegations against Martinez is as follows: In December 2008, Plaintiff rented an apartment from Martinez. Plaintiff claims that Martinez rented Plaintiff the apartment knowing that there was a bug infestation. In addition, Plaintiff claims that beginning in October 2009, Martinez began entering Plaintiff's apartment without permission. He also stole tools from Plaintiff. Finally, Plaintiff alleges that certain apartments Martinez rents are not in compliance with the housing code.

---

[1] Based on the materials submitted by Plaintiff, the dispositions of the municipal and state court cases against Martinez are unclear.

[2] Plaintiff attached copies of his municipal and state court pleadings to his present Complaint.

Plaintiff claims that he raised these issues in municipal court, but they were not corrected because Martinez lied under oath at that proceeding and bribed someone at the Belleville Department of Health to get a report showing that an inspection of Plaintiff's apartment did not reveal any bugs.

On November 16, 2010, Plaintiff filed the present Complaint in this Court.

## II.   LEGAL STANDARD

In all federal actions, the Court has a continuing and independent obligation to satisfy itself that it has subject matter jurisdiction. *Ramirez v. ABC News Network*, No. 11-6565, 2011 WL 6002911, at *1 (D.N.J. Nov. 29, 2011) (citing *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). If the Court lacks subject matter jurisdiction, it must dismiss the case. *Woodall v. Geist*, No. 09-4975, 2010 WL 1838433, at *1 (D.N.J. May 5, 2010) (citing *In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997)).

The same standard of review applies when the Court raises subject matter jurisdiction *sua sponte* as when a party moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1): All factual allegations in the Complaint must be accepted as true, and disposition of this matter becomes a purely legal question. *Orthopedic Specialists of N.J. PA v. Horizon Blue Cross/Blue Shield of N.J.*, 518 F. Supp. 2d 128, 131-32 (D.N.J. 2007). Furthermore, in determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of Plaintiff. *Gay v. Unipack,*

3

*Inc.*, No. 10-6221, 2011 WL 5025116, at *1 (D.N.J. Oct. 20, 2011) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.  ANALYSIS

The sum of Plaintiff's pleading appears to be that his civil rights have been repeatedly violated by Mr. Martinez. However, as currently pled, Plaintiff has asserted no facts suggesting a basis for federal jurisdiction.

First, none of Plaintiff's allegations can be construed as a valid 42 U.S.C. § 1983 claim, which requires Plaintiff to allege that a state actor deprived him of a right secured under the Constitution or the laws of the United States. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir.1994)). Although Plaintiff broadly charges Defendants with violations of human rights and civil rights, he fails to identify any specific right of which he has been deprived. In addition, Mr. Martinez is a private citizen, not a state actor, and therefore is not subject to § 1983 liability.  The remaining three Defendants listed in the caption of the Complaint are Belleville Township employees and could be persons "acting under color of state law"; however, Plaintiff has failed to plead any facts which relate these defendants to the asserted charges.  Thus, when reviewing these facts in the light most favorable to Plaintiff, there is no federal question jurisdiction under 28 U.S.C. § 1331.

Second, Plaintiff does not allege facts supporting diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff does not state the citizenship of the Defendants.[3]  Nor has Plaintiff alleged an amount in controversy exceeding $75,000.

---

[3] Nonetheless, it appears likely that at least one of the Defendants is a New Jersey citizen

In short, Plaintiff's pleading fails to establish any discernible basis which would allow this Court to assert subject matter jurisdiction over the action. And because the Complaint fails to support federal question jurisdiction and fails to assert facts suggesting diversity jurisdiction, dismissal of the action without prejudice is proper. *Wright v. Salem Mem'l Hosp.*, No. 08-5205, 2008 WL 4791645, at *2 (D.N.J. Oct. 30, 2008) (citing *Joyce v. Joyce*, 975 F.2d 379 (7th Cir. 1992)).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff has thirty days to amend his pleading. In light of this determination, Plaintiff's application for pro bono counsel is **DENIED** as moot.

        /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated:  July 19, 2012**

---

as Defendant Martinez owns property in New Jersey and the other three Defendants are all employees of the Township of Belleville.